EDWARDS *v.* BRIMM, Ex'x.

5-2986                                             367 S. W. 2d 433

Opinion delivered May 13, 1963.

*Leo Wulfsohn, Irving Eisenberg,* Chicago, Illinois.

*L. Weems Trussell,* for appellee.

PAUL WARD, Associate Justice. Frances Shelton died on November 8, 1960 leaving a will dated May 4, 1957. The Probate Court of Dallas County entered an order, dated November 18, 1960, admitting the will to probate

and appointing appellee, Beulah Brimm, executrix. On November 19, 1960 the executrix signed and posted a notice (as provided by Act 32 of 1953) to all persons having claims against the estate, stating the will had been admitted to probate. The case number of the proceedings was 981.

On May 13, 1961 Moses C. Edwards (a nephew of deceased) and his wife filed (or attempted to file) a *petition* asking the court to revoke the probate of said will and also filed (or attempted to file) a *claim* against the estate in the amount of $7,433.55. There is no contention by anyone that the *petition* and *claim* were not in proper form.

It is the contention of the executrix, based on the factual situation presently set forth, that the above mentioned pleadings were never legally filed. This was also the finding of the trial court.

The record discloses that appellants and one of their attorneys live in Chicago; that said attorney mailed a letter to the probate clerk at Fordyce, Arkansas (county seat of Dallas County); that in said letter was enclosed the *petition* and the *claim* (above mentioned) for filing in case No. 981; and, that the attorney also mailed a copy of the claim to appellee's attorney of record.

The basic contention of appellee to sustain the decree of the trial court (which dismissed the *petition* and *claim*) is that the *petition* and the *claim* both were captioned "In the Probate Court of Garland County, Arkansas" when they should have been captioned "In the Probate Court of Dallas County, Arkansas."

The order of the trial court, in material parts, reads as follows:

"That the files in this case contain a letter dated May 13, 1961, signed by Irving Eisenberg, addressed to the Clerk of the Probate Court of *Garland* County, Fordyce, Arkansas, enclosing (1) Petition to Contest Will and (2) Claim of Moses C. Edwards and Ida Mae Edwards of 2210 W. 13th St., Chicago, Ill. Both the Petition to Contest the Will and the Claim show in the caption thereof

that they are to be filed in the Probate Court of Garland County, Arkansas ... The letter dated May 13, 1961, and enclosures were forwarded to the Clerk of the Probate Court of Dallas County, but due to the fact that they were to be filed in the Garland Probate Court, no Notice was given to Beulah Brimm by registered mail as provided by Sec. 113 b of the Probate Code, and no further action was taken thereon.

"The Claim and Petition to Contest the Will were placed in the file of papers in the case of the Estate of Frances Shelton, deceased, in the Clerk's Office in Dallas County, Arkansas, but were not filed."

It is undisputed that appellants had until May 19, 1961 to file the *petition* and *claim*. In view of the language used by the trial court, and in the absence of any contention to the contrary, we think the record establishes the fact that the letter, the *petition,* and the *claim* reached the clerk of the Dallas County Probate Court before the date above mentioned.

For reasons presently set out, we think the trial court erred in striking appellants' *petition* and *claim* from the files. Every fact and circumstance indicates that the substitution of the word "Garland" for the word "Dallas" was merely a clerical error or oversight, and that no one was actually deceived, misled, or prejudiced. It is evident from the record that the Chicago attorney used printed forms sent to him by an associate attorney who lived in Hot Springs (Garland County), which forms were printed for use in "Garland" County. There can be no doubt whatever that the papers were to be filed in case No. 981 pending in the Dallas County Probate Court. They specified case No. 981, they identified the case No. 981 by reference to parties named in that case, and they were mailed to Fordyce in Dallas County. The record also discloses that copies of papers were sent to appellee's attorney of record in case No. 981. Such being the facts and circumstances, to deny appellants their day in court would be an injustice and not in keeping with our liberalized form of pleadings as indicated by Ark. Stats.

§ 27-1160 and § 27-131. Among other things the former section provides:

"The court may, at any time, in furtherance of justice . . . amend any pleadings or proceedings . . . by correcting a mistake in the name of a party or a mistake in any other respect. . . . The court must, in every stage of an action, disregard any error or defect in the proceedings which does not affect the substantial rights of the adverse party. . . . "

The latter section reads as follows:

"The rule of common law that statutes in derogation thereof are to be strictly construed shall not be applied to the Code. The provisions of the Code, and all proceedings under it, shall be liberally construed, with a view to promote its object and to assist the parties in obtaining justice."

The general rule as to liberality in pleadings is well stated in 71 C. J. S. *Pleading* § 50, "Clerical Errors; Mistakes in Writing or Spelling":

"Generally mere clerical or typographical errors which could not have misled the opposite party will not vitiate a pleading. Such errors are corrected by the context of the pleading or are self-correcting. Thus mere clerical mistakes, such as the use of one word or one name for another, where there is and can be no doubt as to what word the pleader intended to use . . . will not render a pleading bad. . . . "

We again point out that all the facts and circumstances point unerringly to the intention of appellants to file their pleadings in case No. 981 pending in Dallas County Probate Court pertaining to the estate of Frances Shelton.

We conclude therefore that the *petition* and the *claim* should be considered as properly filed in case No. 981 prior to May 19, 1961.

In view of what we have said above, appellants' *petition* was filed within the time prescribed in Ark. Stats. § 62-2114 b. (2) that is, "within six months after the date

of the first publication of the notice of the admission of the will to probate.''

It is our conclusion that the *claim* was also properly filed. Ark. Stats. § 62-2601 a. provides, in pertinent part, that

'' . . . all claims against a decedent's estate . . . shall be forever barred as against the estate, the personal representative, the heirs and devisees of the decedent, unless verified and presented to the personal representative or filed with the court within six months after the date of the first publication of notice to creditors.''

As previously pointed out, appellants' *claim* was filed with the court within the specified period of six months.

It is the contention of appellee, however, that the trial court was justified in striking the *claim* because no proper notice of the filing of said *claim* was given as provided in Ark. Stats. § 62-2012 c. As appellee interprets this sub-section, it required appellants (in this case) to prepare the notice of filing and deliver it to the clerk ready for posting whereupon the clerk (as provided in Ark. Stats. § 62-2604 b.) ''shall, by registered mail, notify the personal representative of the filing of the claim.''

We find it unnecessary in this case to pass upon the merits of the above contention. In our opinion there was a substantial compliance with the statute by giving notice to appellee's attorney pursuant to the provisions of Ark. Stats. § 62-2012 e., which reads:

''SERVICE ON ATTORNEY. If there be an attorney of record for a party in a proceeding or matter pending in the court, all notices required to be served on the party in such proceeding or matter shall be served on the attorney and such service shall be in lieu of service upon the party for whom the attorney appears.''

It is admitted in this case that appellee's attorney received a copy of appellants' *claim* before May 19, 1961.

It is also argued here by appellee that the trial court was justified in dismissing the *claim* because appellants

did not offer to pay the filing fees. This argument cannot be sustained in view of sub-section h. of said Section 62-2012 which reads:

"COSTS OF NOTICE. All expense incurred in giving notice under the provisions of this Code shall be taxed as costs in the proceeding."

The judgment of the probate court is therefore reversed, and the cause is remanded, for further proceedings consistent with this opinion.

Reversed and remanded.