GLOBE LIFE INSURANCE CO. *v.*
Kenneth A. HUMPHRIES

75-33                                              522 S.W. 2d 669

Opinion delivered May 19, 1975

*Davidson, Plastiras & Horne, Ltd.,* by: *Michael O. Parker,* for appellant.

*H. David Blair, Murphy & Blair,* for appellee.

LYLE BROWN, Justice. This is an appeal by Globe Life Insurance Company from a default judgment entered against it on the ground that its answer to the complaint was not timely filed. The complaint was filed in the Independence Circuit Court on August 27, 1974, and summons was issued on that date. The summons was served by the Pulaski County Sheriff on the Insurance Commissioner of the State of Arkansas as statutory agent for service of process on appellant, a foreign corporation, on August 30, 1974. Pursuant to Ark. Stat. Ann. § 66-2219 (Repl. 1966) the summons was mailed by the Commissioner to the appellant on September 3, 1974. Appellant filed its answer in the Independence Circuit Court on September 24, 1974. Subsequently, a motion to strike appellant's answer as not being timely filed, was entered by appellee and a response filed by appellant. A hearing was held on October 28, 1974, at which time the motion to strike appellant's answer was granted and a default judgment was entered against appellant in the amount of $2,184.00 plus costs and attorney's fees. This appeal is taken from the court's judgment of October 28, 1974, entered on December 2, 1974.

Appellant raises two points for reversal. Appellant first

contends that the circuit court erred in ruling that appellant's answer had not been timely filed. The parties stipulated that the Commissioner's notice to appellant was mailed on September 3, 1974. It was further stipulated that the answer was filed on September 24, 1974, in the Independence Circuit Court. Ark. Stat. Ann. § 66-3235 (Repl. 1966) governs service of process on insurers and provides in pertinent part as follows:

(1) In any suit brought in this State against an Insurer process may be served upon the insurer as follows:

(b) As to foreign insurers service may be had upon the Commissioner, as provided in sections 60 and 61 [§§ 66-2218, 66-2219] of this code.

As indicated by subsection (b) of § 66-3235, service upon foreign insurers may be had upon the Commissioner as provided in Ark. Stat. Ann. § 66-2218 and 66-2219. Section 66-2218 provides in pertinent part that the Insurance Commissioner is the agent for the service of process for foreign insurers and § 66-2219 provides as follows:

(1) Service of process upon the Commissioner as process agent of an insurer (under section 60 [§ 66-2218]) shall be made by serving copies in duplicate of the process upon the Commissioner or upon his assistant, deputy, or other person in charge of his office. Upon being served with such process the Commissioner shall promptly forward a copy thereof by certified or registered mail to the person last designated by the insurer to receive the same, as provided by section 60 (2) [§§ 66-2218 (2)], and send a copy of his letter of transmittal of the process to the Clerk of the issuing court and the same shall be entered in the file of the cause.

(2) *Where process is served upon the Commissioner as an insurer's process agent, the insurer must answer or plead within twenty (20) days after the date upon which the Commissioner mailed a copy of the process served upon him as required by subsection (1), above,* (our emphasis)

(3) Service shall not be deemed completed until the Commissioner has mailed a copy of the process, as provided in subsection (1), above.

This is the first time this court has been called on to construe Ark. Stat. Ann. § 66-2219 (2) (Repl. 1966). Accordingly, appellant contends that Ark. Stat. Ann. § 27-1135 (Repl. 1962), which is our general civil procedure statute relating to time for appearance or pleading to complaint, and our cases construing this statute, should serve as a guide to our interpretation. Section 27-1135 in pertinent part provides: "A defendant to any complaint or cross-complaint must appear or plead either generally or specially the first day after expiration of the periods of time set forth below, as the case may be: First. Where the summons has been served twenty (20) days in any county in the state; * * *"

Appellant relies on our cases which have construed the above mentioned language to mean that the defendant has twenty-one days in which to answer. That is, excluding the first day [according to Ark. Stat. Ann. § 27-130 (Repl. 1962)] twenty days can lapse, and the defendant can answer on the first day after the expiration. Hence, the defendant has twenty-one days in which to answer. *Widmer v. J. I. Case Credit Corp.*, 239 Ark. 12, 386 S.W. 2d 702 (1965); *DeSoto Hotel & Baths, Inc. v. Luth*, 239 Ark. 424, 389 S.W. 2d 897 (1965). In the case at bar, the Commissioner's notice to appellant was mailed on September 3, 1974, and appellant's answer was filed on September 24, 1974. Excluding the day of mailing, the answer was filed on the twenty-first day. Arguing that § 27-1135 has language similar to § 66-2219, appellant contends that our case law interpreting the former statute should control in the present action. The short answer to appellant's contention is that the language of the two statutes is not similar. Ark. Stat. Ann. § 66-2219 (2) (Repl. 1966) requires that the insurer answer or plead "within twenty (20) days after the date upon which the Commissioner mailed a copy of the process served upon him . . .". The language in § 27-1135 which allows appearance or pleading on ". . . the first day after expiration of the period of time set forth . . ." appears nowhere in § 66-2219.

We hold that "within twenty days" means exactly what it says and since appellant filed its answer on the twenty-first day, the circuit court was correct in granting the appellee's motion to strike appellant's answer as being untimely.

Appellant's second point for reversal is that the notice given to appellant by its statutory agent was incorrect, misleading and not consistent with the language of the applicable statute, and hence, should not be considered proper notice. The transmittal letter from the State Insurance Commissioner, (to which the complaint and summons were attached), erroneously designated Pulaski County, rather than Independence County, as the venue of this cause. Moreover, the transmittal letter had this notation: "You must file a response therein within 20 days of the date this notice is mailed to you from this office as shown below." It is contended that inserting the wrong county within the transmittal letter, and including language differing from that in § 66-2219 (2), served to mislead and misinform the appellant.

This argument is without merit for several reasons. The appellant has not demonstrated any prejudice. Although the record shows that the appellant was given a hearing on appellee's motion to strike, the record is devoid of any testimony or other proof that the transmittal letter accounted in any way for the late answer. We will not reverse merely for matters of a formal nature or for technical errors unless prejudice has been demonstrated. *Lea v. Bradshaw*, 192 Ark. 135, 90 S.W. 2d 487 (1936). It should be noted that the transmittal letter which incorrectly put venue in Pulaski County was accompanied by both the complaint and summons indicating Independence County as the correct court for venue. Undoubtedly, the insertion was a clerical or typographical error. See *Edwards v. Brimm, Ex'x.*, 236 Ark. 588, 367 S.W. 2d 433 (1963).

After a fair reading of the reference to the twenty day period in the Commissioner's transmittal letter, we cannot say that the plain meaning of the language differs from that of § 66-2219 (2). See *Widmer v. Wood*, 244 Ark. 307, 425 S.W. 2d 514 (1968).

Affirmed.