April Yvonne LAWSON *v.* George LEWIS
and Dorothy LEWIS, His Wife

81-265                                  631 S.W.2d 611

Supreme Court of Arkansas
Opinion delivered April 19, 1982

*Laser, Sharp & Huckabay, P.A.,* for appellant.

*Jack R. Kearney,* for appellee.

STEELE HAYS, Justice. This is a damage suit. Appellee Lewis and his wife brought suit against appellant Lawson for personal injuries and loss of consortium arising from a collision on December 20, 1977, between Lawson's automobile and Lewis's motorcycle. The case was tried to a jury upon an admission of liability by Lawson, but denying that any injury had been sustained by Lewis. The jury's verdict found for the Lewises on their complaint and assessed their damages at "NONE."

Appellees Lewis filed a motion for a judgment n.o.v. and in the alternative for a new trial. Over Lawson's objection, the trial court set aside the verdict and granted a new trial, which Lawson claims on appeal was error. We disagree.

Appellant concedes that the law gives the trial court broad discretion in setting aside a jury verdict which it finds to be against the clear preponderance of the evidence. She argues, however, that its discretion here was abused as a matter of law, in that the instructions demonstrate that because of her admission of liability the issue of negligence was not submitted to the jury and, hence, the trial judge's recollection to the contrary was mistaken. She contends the jury believed the injuries were fictitious.

The argument is unpersuasive because the trial judge gave an additional reason for setting aside the verdict. In a memorandum opinion he explained his reasons:

> The Court in review of this matter must agree with petitioner in this instance and grant the Motion for New Trial. There is simply no substantial evidence upon which the jury should not have awarded some damages. The defendant had admitted liability; the Court erred in its failure to limit the jury's verdict to the sole issue of those damages resulting; and the Court must now set aside the verdict.

Thus, whether the trial court's recollection was accurate with respect to how the case was submitted to the jury we need not decide, as it is clear he found the verdict and the evidence to be at odds. But neither do we decide whether the evidence and the verdict were consistent, as appellant has abstracted nothing from the testimony and proof, other than a single medical report, and it would be utterly impossible to find an abuse of discretion where a new trial is granted because the evidence and the verdict fail to agree. Appellant's brief tacitly concedes the point, as most of her argument is devoted to a discussion of the weaknesses and contradictions of appellees' evidence with respect to the injuries, concluding that: "[A] review of the record in this case will readily establish that the jury did not reach an impermissible result or one unwarranted by the attempts of the appellee to portray the nature and extent of his alleged injuries. Certainly, contrary to the trial court's order, there was at least 'substantial' evidence that the appellee had indeed received no injuries which were approximately caused by the accident in question."

Unfortunately, we have no way of validating the argument in the face of the abstract given us. Supreme Court Rule 9 requires an abstract of so much of the record as is necessary to an understanding of the issues raised on appeal. To hold that the trial judge abused its discretion by finding the evidence to be such as to require a verdict in some amount for the plaintiffs (appellees) is utterly impossible where we have no basis on which to review his actions.

ARCP Rule 59 gives the trial court the discretionary power to grant a new trial to any party for "grounds materially affecting the substantial rights of such party," including error in the assessment of the amount of recovery, whether too large or too small, or where the verdict is contrary to the preponderance of the evidence. *Dorey* v. *McCoy*, 246 Ark. 1244, 442 S.W.2d 202 (1969); *Bobbitt* v. *Bradford*, 241 Ark. 697, 409 S.W.2d 339 (1966). We find no abuse of discretion and the order is affirmed.