CURTIS COMMUNICATIONS d/b/a KLAZ RADIO
*v.* Ron W. COLLAR

CA 83-129                                              665 S.W.2d 301

Court of Appeals of Arkansas
Division I
Opinion delivered March 7, 1984

*David L. Hale,* for appellant.

*R. L. Walloch,* for appellee.

LAWSON CLONINGER, Judge. This is an action brought to recover sales commissions alleged to be due the appellee, Ron W. Collar, for radio advertisements sold while in the employment of appellant, KLAZ Radio. Appellee was a commission salesperson for appellant from May of 1979 until July 25, 1980, at which time he resigned his position. Appellee was compensated on a commission basis amounting to 15% of his gross sales collected by appellant within 60 days of billing. Appellee brought this suit, alleging that he was also entitled for sales made by him and collected within 60 days of billing, but collected after the effective date of his resignation. Appellant argued that it was their policy to not pay after the effective date of termination of employment regardless of when collections were made.

A jury trial resulted in a verdict finding the appellee entitled to commissions for collections after his resignation in the amount of $3,500.08 for which judgment was entered. Appellant now brings this appeal.

Its first point for reversal is that the verdict is contrary to a preponderance of the evidence presented at trial. However, this is not the correct standard from an appeal of a jury verdict. It is only when there is no substantial evidence to support a jury verdict or where fair minded men can only draw a contrary conclusion to that reached by the jury that an appellate court can set aside a jury verdict. *B. J. McAdams, Inc.* v. *Best Refrigerated Express, Inc.*, 265 Ark. 519, 579 S.W.2d 608 (1979).

In the instant case, there was a fact question presented regarding whether or not appellee was entitled to additional compensation. Collar and two other employees of appellant testified that it was their understanding that they would receive commissions if an account was billed and paid within two months, even after termination of employment. Two employees of appellant testified that the company policy had been that a salesman was paid on collections received through his last day of employment. This presented a fact question for the jury and there was substantial evidence to support the verdict.

Appellant's second point for reversal is that the instructions to the jury were confusing and erroneous in the statement of law in this case. Specifically, appellant alleges that plaintiff's jury instruction No. 6 was an erroneous instruction. There is no evidence in the transcript that appellant ever objected to the instruction, or that he proffered his own instruction. No party may assign as error the giving of an instruction unless he objects thereto before or at the time the instruction is given. Arkansas Rules of Civil Procedure, Rule 51. Further, a party's failure to offer an instruction of his own on the issue precludes him from raising the argument on appeal. *Baxter* v. *Grobmyer Bros. Construction Co.*, 275 Ark. 400, 631 S.W.2d 265 (1982).

Appellant's third point for reversal is that the court

erred in failing to instruct the jury on the statutory definition of wages. Appellant asked for an instruction based on Ark. Stat. Ann. § 81-1103(n) (Supp. 1983) which states in pertinent part:

> 'Wages' means all remuneration paid for personal services including commissions and bonuses and cash value of all remuneration paid, in any medium other than cash and all remuneration paid as 'back pay' in settlement of a claim or grievance involving a discharge. The reasonable cash value of remuneration paid in any medium other than cash shall be estimated and determined in accorance with the rules prescribed by the Director . . .

Appellant cites no authority for his argument that this should have been included in the instructions to the jury. As appellee points out, this definition of wages is only relevant when used in the text of the Employment Security Act. See Ark. Stat. Ann. § 81-1103, *supra*. There is no issue involved in this case which deals with the Employment Security Act. Further, appellant has not shown how he was prejudiced by refusal to give the instruction.

Appellant's fourth point for reversal is that the court erred in failing to grant the appellant's motion for a mistrial on the basis of misconduct of appellee's attorney. Specifically, appellant argues that it was prejudiced by appellee's attorney asking the witness, Debbie Gilstrap, if she remembered the radio station being sued on several occasions. Appellant argues that this was an obvious attempt to prejudice the jury against appellant. No authority is cited for this position. It is further argued that the trial judge neglected to instruct the jury to disregard counsel's prejudicial remarks. However, appellant did not ask the trial judge to admonish the jury. All it requested was a mistrial, which the trial judge refused. The granting of a motion for mistrial is an extreme remedy and has generally been held to be within the province of the trial court. *Gustafson v State*, 267 Ark. 830, 593 S.W.2d 187 (Ark. App. 1980).

Appellant's counsel, on re-direct examination, asked

the witness if all employees were treated the same upon termination. On re-cross examination, appellee's attorney asked if other employees had contended that they were entitled to wages which had not been paid. When the witness stated she could not remember, appellee's counsel asked, "You don't remember the station getting sued on several occasions on wages?" Appellant's counsel objected to the question which was sustained. Although we believe, as the trial judge did, that the question was prejudicial, we hold that he did not abuse his discretion in denying a mistrial, since the witness did not answer the question. Further, appellant's attorney invited the line of questioning when he asked the witness if all employees were treated the same upon termination.

Affirmed.

CORBIN and GLAZE, JJ., agree.