### Lodene GARRETT, et al v.
### Honorable Perry V. WHITMORE, Judge

85-49                                           685 S.W.2d 172

Supreme Court of Arkansas
Opinion delivered March 4, 1985

*Charles L. Carpenter,* for petitioner.

*Steve Clark,* Att'y Gen., and *Jim Hamilton,* City Att'y
for North Little Rock, for appellee.

PER CURIAM. *Petition for Writ of Prohibition is denied.*
Purtle, J., would grant.

JOHN I. PURTLE, Justice, dissenting. The majority
denied the petition for prohibition without written opinion,
as we often do because of the tremendous number of
petitions and motions which we must act upon. To write a
full opinion in all cases is an impossibility. The petition
sought to compel the circuit court to transfer this case back
to chancery from whence it came. The petitioners originally
filed a complaint in chancery to prohibit the City of North
Little Rock and the Pulaski County Election Commission
from holding an annexation election in conjunction with
the annual school board election. The complaint relied
upon Ark. Stat. Ann. § 19-307.2 (Repl. 1980) which speaks to
annexation elections and in part states: "Such annexation
ordinance shall not become effective until the question of
annexation is submitted to the qualified electors of the
annexing city and of the area to be annexed at the next
general election or at a special election." The statute gives
the circuit court jurisdiction over such annexation pro-
cedures.

Petitioners sought to prevent the election in the
chancery court, alleging an illegal exaction in violation of
Article 16, Section 13, of the Constitution of the State of
Arkansas. When a local bank agreed to pay the future
election expense, the chancellor transferred the case im-

mediately to the circuit court. Petitioners then moved to transfer the case back to chancery. After the circuit court rejected their motion a petition for a writ of prohibition was filed in this court. The petition sought to compel the circuit court to transfer the case back to equity.

The ordinance was published on February 14, 1985, and the complaint was filed on February 19, 1985. The motion to transfer was filed on February 21, 1985, a hearing was held on February 26, 1985, and the order of transfer was entered on March 1, 1985. On the same day a motion to transfer back was filed and still later on March 1, 1985, the motion was denied. The present petition was filed on March 4, 1985, and denied on the same day by this court. There has been no foot dragging by the parties or the courts.

Time is of the essence. I would exercise our superintending control over inferior courts as established in Article 7, Section 4, of the Constitution of the State of Arkansas and prohibit the election until it is held according to law. We have the authority to treat a pleading for what it is rather than what it is called by the parties. Ark. Stat. Ann. §§ 27-131 and 27-1160 (Repl. 1979); *Edwards* v. *Brimm*, 236 Ark. 588, 367 S.W.2d 433 (1963). In any event if the parties and courts continue to exercise all deliberate speed, this cause of action may yet be heard prior to the election. If the election is not being legally held I am sure we will so declare and take proper action.