PEOPLES BANK AND TRUST COMPANY OF VAN
BUREN *v.* Claude WALLACE

86-147                                                721 S.W.2d 659

Supreme Court of Arkansas
Opinion delivered December 22, 1986

*Gant & Gant*, by: *Paul Gant*; and *Friday, Eldredge & Clark*, by: *George Pike, Jr.* and *William A. Waddell, Jr.*, for appellant.

*Joel W. Price*, for appellee.

ROBERT H. DUDLEY, Justice. Appellee Claude Wallace agreed to purchase 20,000 shares of stock in Arkansas Reference Laboratories, Inc. for $50,000.00. In performance of his agreement appellee drew a $50,000.00 check on his account with appellant, Peoples Bank and Trust Company of Van Buren, made payable to "Arkansas Reference Lab." The president of Arkansas Reference Laboratory endorsed the check "Deposit Only—North Little Rock Medical Laboratory" and deposited the money in the account of the North Little Rock Medical Laboratory, a separate corporation. After discovering the unauthorized endorsement, appellee made a demand upon appellant bank that the $50,000.00 be credited back to his account. His demand was refused and he filed suit based upon sanctions of the Uniform Commercial Code which impose liability upon banks for paying checks with unauthorized endorsements. The jury awarded appellee $60,500.00. We affirm.

Appellant assigns two points of error. In one point it argues that appellee had no standing to sue as he was not the real party in interest. *See* A.R.C.P. Rule 17(a). Appellant pleaded the

issue of standing in its answers, but did not bring the issue to the trial court's attention, and the trial court did not rule on the issue. It was incumbent upon the appellant to bring the issue to the trial court's attention and obtain a ruling on it. The failure to do so constitutes a waiver of the issue, and we will not consider it on appeal. *Gallman* v. *Carnes*, 254 Ark. 987, 497 S.W.2d 47 (1973).

The other assignment of error contains three parts. In it, the appellant contends that the trial court committed reversible error by refusing to grant appellant's motion for a new trial because: (1) the verdict was contrary to the evidence and contrary to the law, (2) the jury instructions were erroneous, and (3) the jury erred in its assessment of damages.

■■ The contention that the verdict was contrary to the evidence or contrary to the law is one which may be the basis for ordering a new trial. A.R.C.P. Rule 59(a)(6). The rule says a new trial may be granted when the verdict is "clearly contrary to the preponderance of the evidence." The trial court thus has some discretion in the matter, *Lawson* v. *Lewis*, 276 Ark. 7, 631 S.W.2d 611 (1982), but that discretion is limited, and he may not substitute his view of the evidence for the jury's except when the verdict is *clearly* against the preponderance of the evidence. *Clayton* v. *Wagnon*, 276 Ark. 124, 633 S.W.2d 19 (1982). The appellant has made no showing that the limited discretion of the trial court was abused.

■ Next, appellant argues that the verdict is contrary to the law. With the exception of the argument on instructions, the argument does not focus on any trial court error, but deals with abstract issues of law. We do not consider abstract issues of law on appeal. We consider only matters which were raised below and ruled upon by the trial court. *C.& L. Trucking, Inc.* v. *Allen*, 285 Ark. 243, 686 S.W.2d 399 (1985).

■ Appellant next argues that many of the instructions were erroneously given. However, in its reply brief, appellant concedes that it made no objection to some of the instructions which are now submitted as erroneous. As we have said many times, we will not consider arguments on those instructions to which there was no objection, or where necessary, an instruction was not offered. *Wallace* v. *Dustin*, 284 Ark. 318, 681 S.W.2d 375 (1984).

■■ The procedure for preserving a point of appeal concerning instructions is not complex. A.R.C.P. Rule 51 mandates that in order to preserve an objection regarding an erroneous instruction of law, the party appealing must make a timely objection by telling the trial judge why the instruction is wrong. *Tandy Corp.* v. *Bone*, 283 Ark. 399, 678 S.W.2d 312 (1984). When the point of appeal is that the court failed to give an instruction, the party appealing must submit a proposed instruction on the issue. *Curtis Communications* v. *Collar*, 11 Ark. App. 14, 665 S.W.2d 301 (1984).

■■ Appellant contends that jury instruction number 12 was abstract and confused the jury. The instruction was a correct statement of the law as set out in the Uniform Commercial Code. However, the instruction did contain two inapplicable sections of the Code which refer to a collecting bank, and it was error for the trial court to refuse to delete portions of a statute which were not applicable to the case. *Hunter* v. *McDaniel*, 274 Ark. 178, 623 S.W.2d 196 (1981). However, error is no longer presumed to be prejudicial, *Jim Halsey Co., Inc.* v. *Bonar*, 284 Ark. 473-A, 688 S.W.2d 275 (1985), and we will not reverse for error unless prejudice is demonstrated. *Globe Life Insurance Co.* v. *Humphries*, 258 Ark. 118, 522 S.W.2d 669 (1975). Appellant does not suggest any possible prejudice in its brief but, at oral argument, suggested that the mention of the collecting bank could have caused the jury to believe that appellant might pass the loss on to the collecting bank. We do not find such prejudice. The instructions, as a whole, left no doubt that appellee was suing the appellant alone and that appellant would be liable for honoring an unauthorized endorsement.

In jury instruction number 13 the trial court instructed the jury on bad faith. At trial, the appellant's objection was:

> Defendant objects to the use of the term "bad faith" in this instruction, as not a term defined by the Uniform Commercial Code and is in fact only mentioned in the Code once in a section related to damages.

■ We find no error. Where the Uniform Commercial Code does not define a term, the trial court may resort to case law in order to define that term. In its brief the appellant makes additional arguments about other defects in the instruction, but

those arguments were not raised at trial and are waived.

The appellant's next argument concerns instruction number 17 on ratification. At trial the objection was as follows:

> Defendant objects to this instruction as there is no citation of authority given by the plaintiff. Section 85-3-404 addresses ratification and it is defendant's position that that law and no other law should be the authority on the issue of ratification under the facts of this case.

We find no error on the basis of the objection made. While it is desirable for the proponent of an instruction to submit citations of authority for that instruction, it is not error to fail to do so and since Ark. Stat. Ann. § 85-3-404 does not define or explain ratification, it was not error to go beyond that statute to form the instruction.

Appellant next contends that jury instruction number 19, on how agency is proven, was erroneous. Appellant's objection was that the instruction failed to instruct on apparent or implied authority of an agent. The appellant had a duty to submit a proposed instruction on that issue. Since it did not do so, it may not assign as error the failure to give the instruction. A.R.C.P. Rule 51.

Similarly, appellant objected to the giving of instructions number 21 and 22 because they also failed to instruct on apparent or implied authority. Again, the appellant did not submit a proposed instruction on the issue. In addition, the appellant objected because the instructions conflicted with Ark. Stat. Ann. § 85-3-403. A part of the instructions may be construed to be in conflict with the statute, but that error was harmless because the court did give § 85-3-403 in another instruction. In its brief the appellee points out that these two instructions erroneously set out the burden of proof. That may be, but we will not consider the matter since it was not raised below.

Appellant contends that instructions 23, 24, 25, and 26 were irrelevant. We find no merit in the argument as the instructions were relevant.

Finally, the appellant contends that the jury erred in its assessment of the amount of damages because instruction num-

ber 28 on the measure of damages was erroneous and because the award was "against the preponderance of the evidence." Appellant waived any objection to instruction number 28 since it did not object to the instruction and appellant has not shown that the verdict is clearly contrary to the preponderance of the evidence. A.R.C.P. 59(a)(6).

Appellee's motion for costs for supplemental abstracting under Ark. Sup. Ct. Rule 9 is denied.

Affirmed.

HAYS, J., dissents.

STEELE HAYS, Justice, dissenting. I believe the trial court should have granted a new trial in this case based on the verdict being clearly contrary to the preponderance of the evidence. ARCP 59(6). While the bank's payment of this check was technically improper, that was not the cause of appellee's damage, if indeed he has been damaged.

The proof is wholly undisputed that Charles Worden, as president of Arkansas Reference Lab had complete authority to endorse checks on behalf of Arkansas Reference Lab, and regularly did so. He could have accomplished precisely the same thing that occurred here by endorsing the name of Arkansas Reference Lab and either cashing the check, or depositing it to Arkansas Reference Lab's account and later withdrawing the funds. Either of these transactions would have been consistent with banking laws.

Nor does the fact that Charles Worden deposited the $50,000 to the account of North Little Rock Med Lab mean that Arkansas Reference Lab was deprived of the benefit of the funds. It is undisputed that at least $39,546.85 of the $50,000 was used to pay salaries and current liabilities of Arkansas Reference Lab. Claude Wallace could have insisted on joint check writing authority with Worden, but he did not do so. He cannot seriously argue he was damaged by the bank's handling of his check in view of the fact the check was returned to him shortly after May 31, 1985 yet he waited some five months to complain about it, and even then, at the suggestion of someone else.

The end result of this case is that appellee not only has the

20,000 shares he purchased in Arkansas Reference Lab, which is still operating according to the undisputed evidence, but he also has laboratory equipment with a value of $7,000 to $20,000, plus having received $10,000 in salary from Arkansas Reference Lab. Now he has his $50,000 back with interest of $10,500.