Ricky TERRELL *v.* STATE of Arkansas

744 S.W.2d 734

Supreme Court of Arkansas
Opinion delivered February 1, 1988

*M. Watson Villines II*, for appellant.
No response.

PER CURIAM. Judgment of conviction in this case was entered on February 20, 1987. On February 25, 1987, appellant's counsel, M. Watson Villines II, filed a motion and brief for a new trial. Villines later requested that a hearing be set on the motion. That hearing was ordered and held on May 1, 1987. At the time of the hearing, no testimony was taken but the court requested that briefs be filed on the matter. The briefs were taken under advisement until June 5, 1987. The court subsequently denied the motion by letter, prompting appellant's counsel to file notice of appeal on June 9, 1987. The actual order denying the motion for a new trial was filed on June 10.

Under Rule 4 of the Rules of Appellate Procedure, it is the duty of the party filing a motion for new trial to present the same to the trial court within thirty days from the date of filing, and if the matter cannot be heard within those thirty days, the moving party shall, within those thirty days, request the court to set a date for hearing on said motion. Unless the motion shall have been presented to the trial court and taken under advisement within the thirty days, or the court shall have set a definite date for hearing, it shall be deemed that the motion has been finally disposed of at the expiration of the thirty days from filing, and the time for filing notice of appeal shall commence to run from the expiration of the thirty days. Rule 4(e) provides that a judgment, decree, or order is entered within the meaning of Rule 4 when it is filed with the clerk of the court in which the matter was tried.

Our clerk will not lodge the record because there is no written indication in the record that within thirty days from the filing of the motion for a new trial, appellant obtained a ruling from the trial court either: (1) that the motion was being taken under advisement; or (2) that the matter was set for hearing on a definite date. *Smith* v. *Boone*, 284 Ark. 183, 680 S.W.2d 709 (1984). *See* Act 123 of 1963.

The motion for rule on the clerk notes that on August 27, 1987, the trial court filed an order for an extension of time for the reporter to prepare the transcript on appeal. The order states that appellant's counsel had in fact within thirty days of the filing of the motion for a new trial requested that the court set the matter for a hearing or state whether the court was taking the matter under advisement. In support of the court's findings as to a

hearing on the motion for new trial, counsel has furnished the affidavit of the case coordinator for the circuit court together with an affidavit of the court reporter, and a photocopy of correspondence with the court reporter concerning the setting of the motion for a new trial for a hearing.

Nonetheless, it is clear that after the motion for new trial, which was filed on February 25, 1987, there is nothing on file with the clerk of the court with reference to setting a hearing upon the motion until the court's order of August 27, 1987, was filed of record. Since no findings or orders were filed with the clerk of the court within thirty days after the motion for new trial had been filed, it is deemed that the motion was finally disposed of at the expiration of the thirty days from its filing. Accordingly, the record was tendered late.

In similar circumstances, we have held that we will not permit a record to be filed unless the attorney assumes full responsibility for presenting it late. *Tarry* v. *State*, 288 Ark. 172, 702 S.W.2d 804 (1986). A statement that it was someone else's fault or no one's fault will not suffice. *Moore* v. *State*, 268 Ark. 191, 609 S.W.2d 894 (1980).

If the appellant's attorney files a motion and affidavit in this case accepting full responsibility for not perfecting the appeal, then the motion will be granted. The attorney's negligence will be duly noted, and a copy of the opinion granting the motion will be forwarded to the Committee on Professional Conduct.