Phillip G. WHISNANT *v.* Barbara J. WHISNANT

CA 98-1527                                    6 S.W.3d 808

Court of Appeals of Arkansas
Divisions I and II
Opinion delivered December 15, 1999

*James F. Lane, P.A.*, for appellant.

*Helen Rice Grinder*, for appellee.

ANDREE LAYTON ROAF, Judge. In this divorce case, Phillip G. Whisnant appeals an order of the Faulkner County Chancery Court denying his Ark. R. Civ. P. 59 motion for a new trial. In his motion, Phillip argued that certain payments he made during the pendency of the parties' divorce action should be credited against his share of the marital debt. On appeal, he argues that the chancellor erred in denying him: 1) credit for payments he made directly to appellee Barbara J. Whisnant or to others to preserve the marital residence prior to its sale; 2) credit for one-half of the total payments he made on marital debt between the parties' 1995 separation and the August 6, 1998 final order; and 3) the relief he sought in his motion. We affirm as modified.

The parties married on July 20, 1963. On April 13, 1995, Phillip petitioned for divorce. Barbara answered the complaint on April 24, 1995, and later filed a counterpetition for divorce on September 7, 1995. A hearing was held on the divorce petitions on November 6, 1995. At that hearing, Phillip told the chancellor that

he was not contesting the divorce, and he was excused from the proceeding, with the understanding that the marital-property issues would be reserved. At that time, the parties also represented to the trial judge that they believed that they had a buyer for the marital residence. At that hearing, Barbara's trial counsel also stated, "We will reserve the issue of the retirement benefits collected. by Mr. Whisnant pending this divorce because there are some equitable arguments to be made by Mr. Whisnant regarding assistance with some of the house payments pending the divorce so the Court will have to decide that later." Subsequently, a divorce decree was filed for record on February 29, 1996, that reserved division of the marital property. In an order filed on February 27, 1996, also entered pursuant to the November 6, 1995, hearing, the chancellor approved the sale of the marital home and equal division of the proceeds.

Two subsequent hearings were held on the property/debt-division issues, neither of which are abstracted. A brief hearing was held on December 18, 1996, in which a single witness, Barbara's aunt, testified that certain items of personal property were gifts from Phillip to Barbara. That hearing is of no consequence to this appeal. However, a final hearing was held on February 10, 1998, in which the parties were allotted only thirty minutes total. Arguments of counsel concerned Barbara's motion for contempt and the amount of Phillip's retirement that he owed to Barbara. Phillip did not raise the set-off issue for payments that he had made on the marital debt. However, the chancellor acknowledged that his duty pursuant to the hearing was in part to "make a ruling on all the rulings that I haven't ruled on yet."

In a June 12, 1998, letter opinion, the chancellor divided personal property and marital debt and found Phillip in contempt for failure to fully pay one-half of his retirement benefits. In a letter to counsel filed for record on August 6, 1998, the chancellor recused. The final order dividing the marital property and debt was filed one hour later.

On August 14, 1998, Phillip filed a Rule 59 motion for a new trial or an amendment of the August 6, 1998, order. In his motion, in pertinent part, he requested a credit of $3,913.45 for payments he had made during the pendency of the divorce to maintain the marital household and a credit for $5,553.13, which represented

one-half of the $11,413.13 that he had paid since the parties' separation in March of 1995 as payments on the marital debt. He also alleged that the finding of contempt was in error because he had complied with his obligation under the order. There was no action taken on the motion within thirty days; however, Barbara filed a response after the thirty days had elapsed, contending that the grounds that Phillip had relied upon for a new trial were not cognizable under Rule 59(a).

On appeal, Phillip argues that the trial court erred in denying him credit for payments he made directly to Barbara or to others to preserve the marital residence prior to the sale of the marital residence. He contends that Barbara acknowledged that he might have "equitable arguments" concerning house payments that he made and payments that he made on the marital debt, and he argues that the trial court erred in not taking those arguments up in his motion for a new trial. We disagree.

Rule 59 states in pertinent part:

> (a) *Grounds.* A new trial may be granted to all or any of the parties and on all or part of the claim on the application of the party aggrieved, for any of the following grounds materially affecting the substantial rights of such party: (1) any irregularity in the proceedings or any order of court or abuse of discretion by which the party was prevented from having a fair trial; (2) misconduct of the jury or prevailing party; (3) accident or surprise which ordinary prudence could not have prevented; (4) excessive damages appearing to have been given under the influence of passion or prejudice; (5) error in the assessment of the amount of recovery, whether too large or too small; (6) the verdict or decision is clearly contrary to the preponderance of the evidence or is contrary to the law; (7) newly discovered evidence material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial; (8) error of law occurring at the trial and objected to by the party making the application. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

Liberal construction of Phillip's new-trial motion suggests that it may be grounded in Rule 59(a)(5), (6), or (8). However, Phillip's failure to raise his argument to the trial court precludes

review of this point. Phillip does not argue that he raised any "equitable arguments" to the trial court prior to his Rule 59 motion, and Phillip's abstract fails to show that he made his "equitable arguments" to the trial court. These arguments should have been raised to the chancellor before the entry of the order. In *Sharp County v. Northeast Ark. Planning & Consulting Co.*, 269 Ark. 337, 602 S.W.2d 627 (1980)(*modified on other grounds*, 275 Ark.172, 628 S.W.2d 559 (1982)), a case involving Rule 59(a)(6), the supreme court held that where evidence was not before the trial court originally and was, therefore, not considered in its findings of fact, such evidence cannot be used as a basis for a motion for a new trial, since a motion for a new trial cannot be used to bring into the record that which does not otherwise appear in the record. Furthermore, in *Burge v. Pack*, 301 Ark. 534, 785 S.W.2d 207 (1990), the supreme court stated that a Rule 59 motion cannot be used to raise arguments not made to the trial court before the entry of judgment.

The dissent correctly states that a decision on whether or not to grant a motion for a new trial calls for an exercise of discretion on the part of the trial court; this point is well supported by the two cases it cites in which the trial court granted a new trial. However, it does not follow that this or any case must be reversed for failure to exercise discretion where there has been no action taken on a new-trial motion. The appellant's abstract reflects only that a motion for a new trial was timely filed with the clerk and that the appellee filed a response after the thirty days in which the trial court had to act on the motion had passed. There is no indication in the abstract or in appellant's argument that he did more than simply file the motion, at a time when he knew the trial judge had recused. There is simply no indication that the appellant ever called the motion to the attention of any judge or requested that any action be taken on it. In *Terrell v. State*, 294 Ark. 461, 744 S.W.2d 734 (1988), the supreme court stated that it is the duty of the party filing a motion for a new trial to present the motion to the trial court within thirty days of filing, and if the matter cannot be heard within those thirty days, the moving party is obligated to request the court to set a date for hearing on that motion.

As for Phillip's argument that the trial court erred in denying him credit for one-half of the total payments he made on marital debt prior to the August 6, 1998 order, we note that both the chancellor's letter opinion and the order subsequently entered

lists by name the parties' marital debts and provides that each party shall be responsible for one-half of these debts from the date of separation in March 1995. We do not agree with Barbara's contention that the chancellor failed to rule on the issue simply because the dollar amount of each debt is not set out in the letter opinion. Accordingly, Phillip is entitled to set off one-half of the payments that he made since the stated date of separation toward those marital debts designated in the final order against the arrearage, attorney fees, and the portion of his retirement awarded to Barbara.

Affirmed as modified.

BIRD, GRIFFEN, JJ., and HAYS, S.J., agree.

PITTMAN and HART, JJ., dissent.

JOHN MAUZY PITTMAN, Judge, dissenting. This is an unusual case raising questions concerning the authority of a chancellor to act after he recuses. The parties were granted a divorce in 1996 by a decree that reserved certain issues relating to property and marital debt for future adjudication. After two subsequent hearings, the chancellor adjudicated the remaining property and debt issues in a letter opinion dated June 3, 1998. By a letter dated August 5, 1998, the chancellor notified the parties that he was recusing, but no order transferring this case to another division or appointing another judge appears in the record. The order memorializing the June 3 letter opinion was entered on August 6, 1998. On August 14, 1998, appellant filed a motion for a new trial. No hearing was conducted and the motion was deemed denied by operation of law after the passage of thirty days. *See* Ark. R. App. P.—Civil 4(b). Appellant subsequently filed a timely notice of appeal.

Appellant contends, *inter alia*, that it was error to fail to consider his motion for a new trial. I agree. Although a motion for a new trial will be deemed denied by operation of law if the trial court neither grants nor denies the motion within thirty days of its filing pursuant to Ark. R. App. P.—Civil 4(b), whether or not the motion should be granted is a matter calling for an exercise of discretion on the part of the trial court. *See, e.g., Suen v. Greene*, 329 Ark. 455, 947 S.W.2d 791 (1997); *Lawson v. Lewis*, 276 Ark. 7, 631 S.W.2d 611 (1982). In the present case, it appears that no exercise of discretion took place because no judge was assigned to the case at the time the motion for a new trial was under submission. Because

there has been a failure to exercise discretion, I would reverse and remand for a chancellor to be appointed, if necessary, and for the chancellor to exercise his discretion on this issue.

I respectfully dissent.

HART, J., joins in this dissent.