Henry Leroy TIPPITT *v.* STATE of Arkansas

CR 87-152                                          742 S.W.2d 931

Supreme Court of Arkansas
Opinion delivered January 25, 1988

*Wm. B. Brady*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. The appellant, Henry Leroy Tippitt, was convicted of aggravated robbery and sentenced as a habitual offender to 40 years imprisonment. Tippitt raises four meritless points for reversal.

The conviction arose from the robbery of Monty Cazer, who was hitchhiking on the interstate in Little Rock. Cazer's car had run out of gas. Tippitt stopped and offered Cazer a lift; Cazer testified that Tippitt asked him for some money, stating that he "didn't give free rides." Three other men were also in the vehicle. The evidence most favorable to the state was that Tippitt pulled a knife on Cazer, beat him and robbed him of $95 and a wrist watch.

First, Tippitt argues that the search of the vehicle, made shortly after the robbery, was unconstitutional. After he was robbed, Cazer hailed a policeman, and while he and the officer were enroute to Cazer's vehicle, Cazer spotted the vehicle Tippitt had driven during the robbery. The police officer stopped that vehicle. Two of the men who were present during the robbery were still in the vehicle. Tippitt was not. The vehicle was owned by Pam Sublett, not Tippitt. Because Tippitt had no standing to question the search, we find no merit in the argument. *Rakas* v. *Illinois*, 439 U.S. 128 (1978).

The second argument is the trial judge erred in refusing to allow as evidence the written statement of Mark Allen Murphey, one of the four men in the car. Although the state issued a subpoena for Murphey, it was not served. Murphey was charged

with robbery at the time he gave the statement, but the charges were later dropped. In his statement to the police, Murphey said that he did not see Tippitt with a knife. The judge found that Murphey was unavailable, but his statement was not trustworthy.

Under Unif. R. Evid. 804(5), such a statement must have "circumstantial guarantees of trustworthiness equivalent to those supporting the common-law exceptions." *Hill* v. *Brown*, 283 Ark. 185, 672 S.W.2d 330 (1984). The statement made when Murphey was facing criminal charges could have been self-serving. We cannot say that the trial judge abused his discretion in refusing the admission of the statement. *Marx* v. *State*, 291 Ark. 325, 724 S.W.2d 456 (1987).

Tippitt also argues that his sentence was illegal because he was sentenced under Ark. Stat. Ann. § 41-1001(2)(a) (Supp. 1985) [Ark. Code Ann. § 5-12-103 (1987)], the habitual offender statute. Tippitt contends that the aggravated robbery statute has its own enhancement provisions and that he should not have been sentenced pursuant to Ark. Stat. Ann. § 41-1001 but under § 41-2102(3). In *Mayfield* v. *State*, 293 Ark. 216, 736 S.W.2d 12 (1987), we held aggravated robbery is simply a Class Y felony and subsection 3 was repealed by § 13 of Act 620 of 1981. The judge instructed the jury it could sentence the appellant to a term of not less than forty years nor more than life pursuant to Ark. Stat. Ann. § 41-1001(2)(a), which was proper, and Tippitt's sentence was not illegal.

Finally, Tippitt argues that although he had counsel for each of his four prior convictions, he was not advised of the "enormity of further consequences if he again faced trial." In other words, counsel did not tell him if he kept breaking the law he would receive stiffer sentences. The law places no such burden on counsel. *See Brown* v. *State*, 291 Ark. 393, 725 S.W.2d 544 (1987).

Affirmed.