## CUMBERLAND FINANCIAL GROUP, LTD. *v.* BROWN CHEMICAL COMPANY

CA 91-8                                    810 S.W.2d 49

Court of Appeals of Arkansas
Division II
Opinion delivered May 29, 1991.

*Lavender, Rochelle, Barnette & Dickerson,* by: *John M. Pickett,* for appellant.

*Charles E. Tilmon, Jr.;* and *Autrey & Autrey,* by: *LeRoy Autrey,* for appellee.

ELIZABETH W. DANIELSON, Judge. Cumberland Financial Group, Ltd., appeals from the circuit judge's decision to admit appellee, Brown Chemical Company's, answers to appellant's interrogatories into evidence and to award attorney's fees against appellant. We find no error and affirm.

In November 1988, appellant sued appellee for $52,500.00 for breach of an alleged contract to purchase goods from appellant. Attached to the complaint was a copy of an invoice dated May 11, 1988, for 4,200 gallons of Propanex-4 sold to appellee in Texarkana, Arkansas. In its answer, appellee denied purchasing anything from appellant or having any business dealings with appellant. Appellee stated that it purchased the product from a third-party defendant, Cumberland International

Corporation. Appellee asserted that, in 1987, it prepaid the corporation $85,613.00 for a quantity of Propanex-4 at a total purchase price of $53,760.00, leaving appellee with a credit balance in the amount of $31,853.00. Appellee asserted that, in 1988, the corporation sold and shipped to appellee 4,200 gallons of Propanex-4, and that the credit balance appellee had with the corporation was to be applied to the debt. Appellee stated that it had not paid the corporation the $9,513.00 balance due because appellant had, without any contract or other lawful reason, insisted that appellee owed it $52,500.00 for the Propanex-4 received by appellee in 1988.

Appellant later sent interrogatories to appellee, and appellee's president, George Brown, provided answers on February 27, 1989. In his responses, Brown denied that appellee ordered Propanex-4 from appellant. He stated:

> No, the Defendant has not ordered Propanex-4 from Plaintiff, Cumberland Financial Group, Ltd., at any time. As shown on the sales order under the heading of Crystal Chemical Company attached to Plaintiff's Interrogatories, the Defendant, acting by and through George Brown, on January 5, 1988, placed an order with William B. Parker (W.B.P.), the salesman for Cumberland International Corporation, for Propanex-4. Defendant never received a copy of this sales order and was not aware that the sales order incorrectly stated that the 4,200 gallons of Propanex-4 was being priced to it at $12.50 per gallon. Defendant had a credit balance for its prepayment in the amount of $31,853.09 for Propanex-4 at $9.60 per gallon, for a total of 3,318 gallons. Only 882 gallons of Propanex-4 should have been billed to Defendant at the new price of $12.50 per gallon, less credit for discount of $1.00 per gallon and freight costs of $630.00.

Throughout his answers to the interrogatories, Brown denied having any agreement with appellant to purchase the product.

Before trial, George Brown died, and appellee moved to admit his responses to appellant's interrogatories into evidence. Appellant objected on the ground that the responses to the interrogatories were hearsay and did not fall within a recognized exception to the hearsay rule. Appellee argued that Ark. R. Evid.

804(b)(5) provided a basis for the admission of this evidence. The circuit judge allowed the interrogatories to be admitted. The jury returned a verdict for appellee and found that there was no contract by appellee to purchase the Propanex-4 from appellant. The circuit judge entered judgment for appellee and awarded appellee $6,985.00 for attorney's fees pursuant to Ark. Code Ann. § 16-22-308 (Supp. 1989).

For its first point, appellant argues that, although answers to interrogatories are admissible against the party answering them, they are not admissible against anyone else. Appellant also asserts that the answers to the interrogatories are hearsay and not within a recognized exception to the hearsay rule, notwithstanding the unavailability of Mr. Brown to appear at trial. Appellee does not dispute that the answers to the interrogatories are hearsay; it simply asserts that, under Ark. R. Evid. 804(b)(5), the answers are admissible. This rule states:

> (5) Other exceptions. A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (i) the statement is offered as evidence of a material fact; (ii) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (iii) the general purposes of these rules and the interests of justice will best be served by admission of the statements into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance to provide the adverse party with a fair opportunity to prepare to meet it, his intention to offer the statement and the particulars of it, including the name and address of the declarant.

This provision sets forth what is known as the residual hearsay exception; it was not, however, intended "to throw open a wide door for the entry of judicially created exceptions to the hearsay rule. To the contrary, [it] is to be narrowly construed." *Hill* v. *Brown*, 283 Ark. 185, 188, 672 S.W.2d 330, 332 (1984). Any exception to the hearsay rule under this provision must have circumstantial guarantees of trustworthiness equivalent to those

supporting the common-law exceptions to the rule. *Hill* v. *Brown*, 283 Ark. at 190, 672 S.W.2d at 333. *See also Blaylock* v. *Strecker*, 291 Ark. 340, 350, 724 S.W.2d 470, 476 (1987).

In *Callaway* v. *Perdue*, 238 Ark. 652, 658-59, 385 S.W.2d 4, 9 (1964), the supreme court held that it is not proper to admit answers to interrogatories into evidence even though the party who answered them has died before trial. The court stated that this is so because there is no opportunity for cross-examination; such answers are usually referred to as "self-serving."

■ In the case at bar, however, we need not address this question, because appellee introduced more than sufficient evidence to support the judgment. For example, the testimony of William Parker, Joe Eller, and Ann Brown, along with Defendant's Exhibits 2, 3, and 5 clearly support the judgment for appellee. We do not reverse for harmless error in the admission of evidence. *Freeman* v. *Freeman*, 20 Ark. App. 12, 16, 722 S.W.2d 877, 880 (1987). *See also Peoples Bank and Trust Co. of Van Buren* v. *Wallace*, 290 Ark. 589, 592, 721 S.W.2d 659, 661-62 (1986). In fact, appellant even points out in its argument that this evidence is "more probative" of whether the parties had a contract than the answers to the interrogatories. Accordingly, we deny appellant's first point on appeal.

For its second point, appellant argues that Ark. Code Ann. § 16-22-308 (Supp. 1989) does not authorize an award of attorney's fees to appellee because appellee was not the party seeking to recover on the contract relating to the purchase of the goods. Appellant asserts that, because appellee was simply defending the cause of action on the basis that no contract existed between the parties, it is not a prevailing party within the meaning of the statute. We disagree.

■ Arkansas Code Annotated Section 16-22-308 (Supp. 1989) provides:

> In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the

action, the prevailing party may be allowed a reasonable attorney fee to be assessed by the court and collected as costs.

Whether to award attorneys' fees under this statute is a matter within the trial court's discretion. *ERC Mortgage Group, Inc.* v. *Luper*, 32 Ark. App. 19, 24, 795 S.W.2d 362, 365 (1990). *Accord Chrisco* v. *Sun Indus., Inc.*, 304 Ark. 227, 229, 800 S.W.2d 717, 719 (1990); *City of Fayetteville* v. *Bibb*, 30 Ark. App. 31, 39, 781 S.W.2d 493, 496 (1989).

Because the party in whose favor the verdict compels a judgment is considered to be the prevailing party, *ERC Mortgage Group, Inc.* v. *Luper*, 32 Ark. App. at 24, 795 S.W.2d at 364, appellee was clearly a "prevailing party" within the terms of the statute. Accordingly, the circuit judge did not err in awarding appellee its attorney's fees.

Affirmed.

ROGERS and COOPER, JJ., agree.