STATE of Arkansas *v.* Michael BARTER

CR 91-268 833 S.W.2d 372

Supreme Court of Arkansas
Opinion delivered June 29, 1992

*Winston Bryant*, Att'y Gen., by: *Clementine Infante*, Asst. Att'y Gen., for appellant.

*C.D. Mitchell*, for appellee.

Tom Glaze, Justice. The state brings this interlocutory appeal from the trial court's partial granting of Michael Barter's motion to suppress marijuana found in the trunk of the automobile in which he was traveling. A.R.Cr.P. Rule 36.10(a). We concur with the state that the correct and uniform administration of the criminal law requires this interlocutory appeal. A.R.Cr.P. Rule 36.10(c). The state argues that the trial court erred in finding that Barter had a legitimate expectation of privacy in the automobile searched by the police. We agree. On cross-appeal, Barter argues that the trial court erred in denying his motion to suppress his confession and some crack found during a pat-down search. We find no error in the cross-appeal and therefore we affirm.

Barter, Cheyenne Wieneke and three children were traveling in a white 1991 Cadillac from Texas to Indiana. Barter had

been driving until they arrived in Little Rock, and at that point, Ms. Wieneke started driving. Driving through Hoxie, Arkansas, they were stopped by Officer Billy Forsyth for driving 68 m.p.h. in a 55 m.p.h. zone. Ms. Wieneke could produce no license or registration for the officer, but she told him her Texas license number. Officer Forsyth called in the license number, the car's temporary Colorado license plate number and the vehicle's VIN number. Officer Forsyth testified that Barter and Ms. Wieneke were acting very nervous. Officer Dennis Coggins heard Forsyth's radio transmission, and Coggins called and informed Forsyth that he remembered a bulletin about a white car carrying contraband. Officer Coggins then joined Forsyth at the scene of the stop.

When Officer Coggins asked Ms. Wieneke if she would sign a consent-to-search form, she told the officers that the car belonged to Barter. At that time, Coggins read Barter his rights and asked him to sign a consent-to-search form. Officer Coggins testified that Barter was acting very nervous and told the police that he did not own the car and was transporting it for a friend. Because of Barter's suspicious behavior, Officer Coggins became convinced that the car was the one reported in the bulletin as carrying contraband. Coggins told Barter he was going to pat him down for the officers' safety, and the appellant replied to go ahead, he understood. During the pat-down search, Officer Coggins found a knife and a vial of crack. Barter was read his rights, placed under arrest and transported to the police station. At the station, Barter consented to a search of the car, and forty-five pounds of marijuana was found in the trunk. Barter gave the police a statement that he was paid by a man named J.R. to transport the marijuana to Indianapolis. The police discovered that the cadillac had been rented from Dollar Rent A Car to a man named Paul Sotello for use in Texas only.

██ Since the police clearly had authority to stop the vehicle for speeding, the validity of the stop is not in question in this case. The question for the court to answer is whether Barter had a legitimate expectation of privacy in the vehicle so he could raise a fourth amendment argument. This court has repeatedly held that a defendant has no standing to question the search of a vehicle owned by another person. *See, e.g., Tippit v. State,* 294 Ark. 342, 742 S.W.2d 931 (1988). The proponent of a motion to

suppress has the burden of establishing that his own fourth amendment rights were violated by the challenged search and seizure. *Rakas* v. *Ilinois*, 439 U.S. 128 (1978). The state alleges that Barter failed to meet this burden at the suppression hearing, because he failed to show that he had legitimate possession of the automobile. We agree.

■ To assert his fourth amendment rights, the defendant must at least show that he gained possession from the owner or someone with authority to grant possession. *United States* v. *Rascon*, 922 F.2d 584 (10th Cir. 1990). At the suppression hearing, Barter testified that he picked up the car from a man named J.R. Swan at a bar in Grapevine, Texas. As stated previously, the police had discovered that the car had been rented to a Paul Sotello by Dollar Rent A Car. Barter presented no testimony at the suppression hearing to show a connection between Sotello, the man who had possessory rights to the car, and J.R., the man from whom Barter received the car. Because Barter failed to show that he lawfully possessed the car, he failed to establish a legitimate expectation of privacy in the automobile searched by police. *See Fernandez* v. *State*, 303 Ark. 230, 795 S.W.2d 52 (1990); *see also U.S.* v. *Erwin*, 875 F.2d 268 (10th Cir. 1989). Thus, Barter cannot argue that his fourth amendment rights have been violated.

On cross-appeal, Barter basically argues that the police officers did not have probable cause for detaining him after the initial stop, pat-searching him, and placing him under arrest. Thus, Barter argues that the trial court erred in not suppressing the crack and his confession as fruits of the poisonous tree. We disagree.

■ After a lawful stop, the police are permitted to search the outer clothing of an individual and the immediate vicinity for weapons if the facts available to an officer would warrant a person of reasonable caution to believe that a limited search was appropriate. *Stout* v. *State*, 304 Ark. 610, 804 S.W.2d 686 (1991); A.R.Cr.P. Rule 3.4. In determining the lawfulness of a search of this kind, this court has recognized two considerations: 1) whether the officer is properly in the presence of the party "frisked" so as to be endangered if that person is armed; and 2) whether the officer has a sufficient degree of suspicion that the

party frisked is armed and dangerous. *Wright* v. *State*, 300 Ark. 259, 778 S.W.2d 944 (1989).

 Clearly, the officer had the right to stop Barter's vehicle for speeding, thus the officer was properly in the presence of Barter. Second, the officers testified that Barter had no papers on the car and was acting very nervous and the vehicle matched the description of an automobile known to be carrying contraband. Based on this information, the officers believed Barter was involved in drug transporting. Further, Officer Coggins testified that he felt that any drug transporting person needed to be patted down and placed in the police car for the officers' safety especially when there is more than one person to watch. Coggins also added that when a person is transporting dope, he or she is usually armed in some fashion. Coggins also had noticed a bulge in Barter's shirt pocket. From the facts before us, we cannot say that the officer's suspicion that Barter was armed and dangerous was unmerited. *See Cooper* v. *State*, 297 Ark. 478, 763 S.W.2d 645 (1989). The pat-down search of Barter was lawful pursuant to Rule 3.4 to ensure the officers' safety. After finding the vial of crack, the officers had the authority to arrest him and transport him to the police station. Because we find no improper conduct on the part of the officers, we affirm the trial court's denial of Barter's motion to suppress his confession and the crack on cross-appeal.

For the reasons stated above we reverse in part and affirm in part.