7 F.3d 1042
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Henry L. TIPPITT, Appellant,
v.
A.L. LOCKHART, Arkansas Department of Correction, Appellee.
 No. 92-2242.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 8, 1993.
Filed: October 13, 1993.
 
 1
 Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and HANSEN, Circuit Judge,
 
 PER CURIAM
 
 2
 Henry L. Tippitt, an Arkansas inmate, appeals from the district court's* denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We affirm.
 
 
 3
 In 1987, Tippitt was convicted of aggravated robbery and sentenced to forty years imprisonment as an habitual offender pursuant to Ark. Code Ann. §§ 5-4-501(b)(1) and 5-12-103 (1987). The trial court ordered that his sentence run concurrently with his existing sentences. The Arkansas Supreme Court affirmed the conviction, Tippitt v. State, 742 S.W.2d 931 (Ark. 1988), and subsequently dismissed Tippitt's appeal from the denial of his motion to correct his sentence on the ground he had failed to file his motion within 120 days of sentencing, Tippitt v. State, CR90-273 (Ark. May 6, 1991) (per curiam).
 
 
 4
 Tippitt filed this petition for a writ of habeas corpus, and the district court dismissed the petition. In this appeal, Tippitt contends (1) he was denied due process because the trial court enhanced his sentence under both section 5-4-501(b)(1) and section 5-12-103(c) of the Arkansas Code; (2) he was denied due process and effective assistance of counsel because his trial counsel failed to request a lesser-included-offense instruction; and (3) he was denied due process and effective assistance of counsel because the trial court ordered that his 40-year sentence run concurrently with his previous sentences.
 
 
 5
 We have carefully reviewed the record, and we have considered all of the arguments made by both Tippitt and his counsel. We decline to review Tippitt's new argument based on the miscarriage of justice exception because Tippitt raises it for the first time on appeal. See Jones v. Lockhart, 851 F.2d 1115, 1116 (8th Cir. 1988). We affirm the judgment of the district court for the reasons expressed in its thorough memorandum and order. See 8th Cir. R. 47B.
 
 
 
 *
 The Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c)