
# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-13-1036

| | |
|---|---|
| AARON C. SLUYTER AND NORTHWEST COWBOYS, INC. D/B/A PERFORMANCE CARS & TRUCKS | **Opinion Delivered** April 23, 2014 |
| APPELLANTS | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. CIV 2012-1877-4] |
| V. | HONORABLE JOHN R. SCOTT, JUDGE |
| HEATHER TONEY | REVERSED AND REMANDED |
| APPELLEE | |

## RITA W. GRUBER, Judge

The sole question before us is whether the trial court erred in finding that appellants were not the prevailing parties and, consequently, denying their motion for attorney's fees. We hold that appellants were the prevailing parties in this case, and we reverse and remand to the trial court for it to exercise its discretion in reconsidering appellants' motion for attorney's fees.

The relevant facts are simple. Appellee, Heather Toney, entered into a consignment contract with appellant Performance Cars & Trucks for the sale of her car.[1] Appellant Aaron Sluyter is the president of appellant Northwest Cowboys, Inc., which does business under the name Performance Cars & Trucks. Appellants sold the car, but while they were awaiting financing and proper paperwork, Patricia Toney, on appellee's behalf, returned to appellants'

---

[1]Patricia Toney, appellee's mother, signed the contract under a power of attorney from her daughter.

dealership and demanded return of the car. The parties dispute whether appellants produced her car that day, but they agree that she has refused to take re-delivery of the car since that time despite appellants' attempt to return it.

Appellee sued appellants for breach of contract and conversion. Appellants denied both claims. Appellant Northwest Cowboys, Inc., doing business as Performance Cars and Trucks, counterclaimed, alleging that appellee breached the contract by failing to provide clear title, requesting the court to order her to retake possession of her car, and asking for judgment in the amount of $300 for the agreed consignment fee it was to receive from the sale of appellee's vehicle. After a hearing, a jury returned a verdict in favor of appellants on appellee's claims for breach of contract and conversion and in favor of appellant Performance Cars & Trucks on the counterclaim, but it awarded no damages. The trial court entered judgment according to the jury's verdict.

Appellants, claiming to be the prevailing party under Ark. Code Ann. § 16-22-308 (Repl. 1999), filed a motion for attorney's fees. Appellee responded, arguing that appellants were not the prevailing parties because they had not recovered the requested $300 damages on their counterclaim. The trial court denied appellants' motion, finding that appellants were not the prevailing parties because the jury did not award the damages that they sought in their counterclaim. The trial court denied appellants' motion for reconsideration, prompting this appeal.

The decision whether to award attorney's fees and the amount to award are discretionary determinations that we will not reverse absent a demonstration by appellant that

the trial court abused its discretion. *Perry v. Baptist Health*, 368 Ark. 114, 116, 243 S.W.3d 310, 313 (2006); *Burnette v. Perkins & Assocs.*, 343 Ark. 237, 241, 33 S.W.3d 145, 149 (2000). We must first, however, turn to the preliminary issue of the trial court's determination that appellants were not the prevailing parties in this case. Arkansas Code Annotated section 16-22-308, which allows a prevailing party to recover reasonable attorneys' fees in a breach-of-contract action, provides in pertinent part as follows: "In any civil action to recover on . . . breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs." Under Arkansas law, the prevailing party is determined by analyzing each cause of action and its subsequent outcome. *Brackelsberg v. Heflin*, 2011 Ark. App. 678, 386 S.W.3d 636. We look to the case as a whole to determine who was the prevailing party. *Id.* The prevailing party is the one who comes out "on top" at the end of the case. *Marcum v. Wengert*, 344 Ark. 153, 162, 40 S.W.3d 230, 236 (2001). In order to prevail, one must prevail on the merits of the lawsuit. *Id.* A successful defendant in a contract action may be considered a prevailing party. *Perry*, 368 Ark. at 117, 243 S.W.3d at 313; *see also CJ Bldg. Corp. v. TRAC-10*, 368 Ark. 654, 658, 249 S.W.3d 793, 796 (2007).

With this law in mind, we turn to the facts of this case. There is no dispute that appellee did not prevail on either of her claims; the jury rendered its verdict in favor of appellants on all claims filed against them. On appellants' counterclaim for breach of contract and their $300 consignment fee, the jury rendered a verdict for appellants, although it awarded no damages. Thus, appellants won in appellee's suit against them and in their

3

SLIP OPINION

counterclaim against appellee. Appellee argues here, and the trial court found, that the jury's failure to award damages on appellants' counterclaim is fatal to appellants' request for attorney's fees under the statute because it prevents appellants from being "prevailing parties."

The trial court is wrong. Appellants prevailed in appellee's breach-of-contract claim against them and in their breach-of-contract counterclaim against appellee. Appellee lost on all of her claims against appellants. Indisputably, appellants came out "on top." The law has long been clear that a successful defendant in a contract action can be a prevailing party. In *Cumberland Financial Group, Ltd. v. Brown Chemical Co.*, 34 Ark. App. 269, 810 S.W.2d 49 (1991), the appellant argued that the statute did not authorize an award of attorney's fees to the appellee because the appellee was not the "party seeking to recover on the contract" but was merely defending against appellant's cause of action. The appellant argued that the appellee was not, therefore, a prevailing party within the meaning of the statute. *Id.* at 272, 810 S.W.2d at 51. We held that the party in whose favor the verdict compels a judgment is considered to be the prevailing party and that the appellee was clearly a "prevailing party" within the terms of the statute. *Id.* at 273, 810 S.W.2d at 51; *see also Marsh & McLennan of Ark. v. Herget*, 321 Ark. 180, 900 S.W.2d 195 (1995); *Meyer v. Riverdale Harbor Mun. Prop. Owners Improvement Dist. No. 1*, 58 Ark. App. 91, 947 S.W.2d 20 (1997).

We hold that the trial court incorrectly determined that appellants were not the prevailing parties in this case. Appellants were the prevailing parties. Accordingly, we reverse and remand to the trial court for it to exercise its discretion in reconsidering appellants' motion for attorney's fees under Ark. Code Ann. § 16-22-308.



Reversed and remanded.

PITTMAN and HARRISON, JJ., agree.

*Ralph C. Williams*, for appellants.

*Cullen & Co., PLLC*, by: *Tim Cullen*, for appellee.