**IN RE: Blake ROUSSEL and Amanda R. Roussel, Debtors.**

**Clear Sky Properties, LLC and Luann Deere, Plaintiffs**

**v.**

**Blake Roussel, Defendant**

**Case No. 4:11–bk–14470J**
**AP No. 4:11–ap–01266**

United States Bankruptcy Court, E.D. Arkansas, Little Rock Division.

Signed March 27, 2015

Daniel L. Herrington, H. Wayne Young, Friday, Eldredge & Clark, Little Rock, AR, for Plaintiffs.

Stephen W. Jones, Jack Nelson Jones & Bryant, P.A., Kevin P. Keech, Keech Law Firm, PA, Little Rock, AR, for Defendant.

*ORDER ON REMAND FROM THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF ARKANSAS*

Phyllis M. Jones, United States Bank Bankruptcy Judge.

This matter is before the Court on remand from the United States District Court for the Eastern District of Arkansas. Clear Sky Properties, LLC, an Arkansas limited liability company ("Clear Sky"), and LuAnn Deere ("Deere") (collectively, "Plaintiffs") filed this adversary proceeding against Debtor Blake Roussel ("Roussel") to have this Court determine the dischargeability of Roussel's debt to Clear Sky and Deere evidenced by a state court judgment entered by the Circuit Court of Faulkner County, Arkansas. On appeal, the District Court held that the portion of Roussel's judgment debt awarding damages to Plaintiffs for breach of fiduciary duty is nondischargeable under 11 U.S.C. § 523(a)(4) and as to Clear Sky, is also nondischargeable under 11 U.S.C. § 523(a)(6). The District Court remanded the case for this Court to determine whether the fee provision set forth in Clear Sky's operating agreement renders all or any part of the Plaintiffs' fee award part of the nondischargeable debt in this case.[1] For the reasons that follow, constituting the Court's findings of fact and conclusions of law, the entire award of attorneys' fees and costs awarded in favor of Clear Sky is determined to be part of the nondischargeable debt owed to Clear Sky and a portion of the award of attorneys' fees and costs awarded in favor of Deere is determined to be part of the nondischargeable debt owed to Deere.

## I. JURISDICTION

The matter on remand is a core proceeding and the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(I). The Court may enter a final judgment in this case.[2]

## II. FACTUAL BACKGROUND

The background facts in this case have been recited in detail in the prior order of this Court and the order entered by the United States District Court.[3] The following is a summary of the facts only as they are relevant to this remand.

Clear Sky was created in August 2006 by Deere and Roussel. Deere and Roussel were the sole members of Clear Sky, each owning fifty percent. On August 31, 2006, Deere and Roussel, as individuals, entered into a franchise agreement with Real Estate Opportunities, Inc. d/b/a Exit Realty Arkansas ("Exit Realty Arkansas"), an Arkansas corporation, for the purpose of opening an Exit Realty franchise in Conway, Arkansas. Clear Sky, doing business

---

1. The District Court instructed this Court to consider whether Appellants' "fee award" is part of the nondischargeable debt. The state court awarded Plaintiffs both attorneys' fees and costs. This Court will consider whether both the attorneys' fees and costs awarded to Plaintiffs are part of the nondischargeable debt.

2. The Hon. James G. Mixon presided over the trial in the bankruptcy court and authored the memorandum opinion entered on December 3, 2012. Due to Judge Mixon's death, the case was reassigned to the Hon. Audrey R.

Evans. Upon Judge Evans's retirement the case was reassigned to Judge Evans's successor. On January 20, 2015, this Court filed a certification pursuant to Fed. R. Civ. P. 63, made applicable to these proceedings by Fed. R. Bankr.P. 9028, certifying her familiarity with the record and her determination that this adversary proceeding could be completed without prejudice to the parties.

3. *Clear Sky Properties, LLC v. Roussel (In re Roussel)*, 483 B.R. 915 (Bankr.E.D.Ark.2012), *rev'd*, 504 B.R. 510 (E.D.Ark.2013).

as Exit First Choice Realty, was opened in Conway in early September 2006.

On June 8, 2007, Deere and Roussel entered into an operating agreement for Clear Sky (the "Operating Agreement"), which they both signed as managing members. The Operating Agreement contained provisions governing the sale of a member's ownership interest and provided that existing members would have a right of first refusal to buy a departing member's share.

In July 2008, Clear Sky moved the Exit First Choice Realty office to a new building. The new building was purchased by Deere, individually, and leased to Clear Sky. On July 31, 2008, Roussel presented Deere with a document titled, "Consent to Sale of Membership Interests of Clear Sky Properties LLC," which provided that Roussel would sell one-third of his fifty percent interest to Rhonda Bletsh ("Bletch") and one-third of his fifty percent interest to Nathan Hutchins ("Hutchins"). The consent agreement was not executed and Deere exercised her right of first refusal and purchased two-thirds of Roussel's interest making her the majority owner of Clear Sky. Unbeknownst to Deere, Roussel was making plans to open a second Exit Realty franchise in Conway with Bletsh and Hutchins.

On September 12, 2008, Roussel, Bletsh, and Hutchins created a new limited liability company, Select Group Investments, LLC ("Select Group"). On October 8, 2008, Select Group entered an Exit Realty franchise agreement to open a second Exit Realty franchise in Conway, Arkansas. Deere was notified of Select Group's opening of the second Exit Realty by a text message from Roussel. Additional facts regarding Roussel's departure from Exit First Choice Realty are detailed in both the prior order of this Court and the order entered by the District Court.

Clear Sky and Deere filed a complaint against Roussel in the Circuit Court of Faulkner County, Arkansas, on February 13, 2009. Clear Sky and Deere both brought actions for breach of fiduciary duty. Deere also brought an action for breach of contract. The jury found that Roussel breached his fiduciary duty to Clear Sky and awarded Clear Sky $300,000.00 in damages on this claim. The damages included $111,280.60 for past lost revenue, $73,403.00 for future lost revenue, $1,480.00 for damage to property, and $113,836.40 in punitive damages. The jury also found that Roussel breached his fiduciary duty to Deere and awarded Deere $58,800.00 in compensatory damages in connection with her fiduciary duty claim. The jury also found for Deere on her separate claim for breach of contract and awarded Deere $40,000.00 in damages in connection with the breach of contract claim.[4] The state court entered judgment in favor of Clear Sky and Deere consistent with the jury's verdict. Pls.' Ex. 24.

After the judgment was entered, Clear Sky and Deere filed a motion for attorneys' fees and costs that asserted in relevant part:

> 4. The Clear Sky Properties, LLC Operating Agreement provides:
>
> *Attorneys' Fees and Costs.* In any dispute arising between or among the members, the losing party shall pay to the prevailing party reasonable costs and expenses incurred in connection with any mediation, arbitration, or suit as determined by the mediator, court or arbitrator, including attor-

---

**4.** The parties agree that Deere's damages award for breach of contract is dischargeable in bankruptcy.

neys' fees, court costs and the value of time lost by the prevailing party or any agent or employee of the prevailing party in participating in any arbitration or litigation in connection therewith.

(Clear Sky Properties, LLC Operating Agreement, attached to Complaint as Exhibit A).

4. [sic] Ark.Code Ann. § 16–22–308 states in pertinent part that in a civil action to recover on a "contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract ... the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs."

6. Deere and Clear Sky are the prevailing parties in this dispute arising between the members of Clear Sky, and Deere is the prevailing party on the claim for breach of contract.

7. Deere and Clear Sky incurred a total of $82,611.25 in attorneys' fees and requests that the Court enter an order in its [sic] favor assessing that amount against Blake Roussel, to be collected as costs.

8. UHS [sic] incurred $4,912.00 in expenses and costs in addition to attorney's fees.

9. This Motion is accompanied by a Brief in Support and the following exhibit: **Exhibit A: Affidavit of H. Wayne Young, Jr.**

Pls.' Ex. 25.

Clear Sky and Deere also filed a brief in support of the motion for attorneys' fees and costs making, in part, the following arguments:

Both the Clear Sky Operating Agreement and applicable Arkansas law allows the Court to award Plaintiffs their attorney's fees and costs incurred in prosecuting this case. *See* Operating Agreement of Clear Sky Properties, attached to Complaint as Exhibit A; Ark.Code Ann. § 16–22–308. The facts of this case overwhelmingly support such an award. For example, the violations were so obvious the jury's verdict was unanimous, the jury was able to reach this decision in less than three hours, and it included a significant punitive damages award. The applicable law clearly prohibits a member with a fiduciary obligation to an entity from competing with that entity. Yet Blake Roussel pursued this course of conduct unapologetically for over two years. With respect to the breach of contract claim, the jury likewise determined Blake Roussel had breached the procedures of the Operating Agreement in selling his shares back to Deere without disclosing all the circumstances, terms and conditions of that transaction. The breaches were obvious and did not take the jury long at all to identify and assign to the breaches a significant financial value, including punitive damages. Pursuant to the Operating Agreement and Arkansas law, Blake Roussel, not Plaintiffs, should bear the attorneys' fees and costs of pursuing this matter to its logical conclusion.

Plaintiffs are not seeking fees related to portions of the case that do not directly relate to the claims against Blake Roussel. *See* Affidavit of H. Wayne Young, Jr., attached to Motion as **Exhibit A.** For instance, Plaintiffs' [sic] obviously omitted the extensive fees and costs related to the failed mediation, as well as the claim against Separate Defendant Real Estate Opportunities, Inc., that concluded in arbitration. Plaintiffs engaged in some written discovery with Separate Defendants Rhonda Bletsh and Nathan Hutchins and the expenses associated with that discovery are also omit-

ted from this petition. All totaled, Plaintiffs omitted approximately $109,105 in incurred expenses and fees associated with this case.

Plaintiffs have incurred a total of $82,611.25 in attorneys' fees associated with the claims against Blake Roussel, as well as $4,912 in expenses and costs. **(Exhibit A)** This is a reasonable amount due to the nature of the case, the number of witnesses (while there were only 3 witnesses at trial, several depositions were taken of witnesses Blake Roussel identified in discovery), and volume of documents involved, the experience and ability of the attorneys, and the result obtained.

## Discussion

### I. THE OPERATING AGREEMENT PROVIDES PLAINTIFFS ARE ENTITLED TO ALL FEES AND COSTS.

■ This case centered on a dispute between the two owners of Clear Sky Properties, LLC. Specifically, Deere alleged that Blake Roussel had breached his duties both to the company and to her in his conduct in planning for a second real estate office in secret, leaving, owning and operating a competing office, hiring away agents from Clear Sky, and ultimately causing the financial collapse of the company. Deere also asserted a claim against Blake Roussel for breaching the procedures in the Operating Agreement related to his sale of a portion of his ownership interest to Deere.

In Part 7, Paragraph 6 of the Operating Agreement of Clear Sky Properties, LLC, Deere and Blake Roussel agreed as follows:

> *Attorneys' Fees and Costs.* In any dispute arising between or among the members, the losing party shall pay to the prevailing party reasonable costs and expenses incurred in connection with any mediation, arbitration, or suit as determined by the mediator, court or arbitrator, including attorneys' fees, court costs and the value of time lost by the prevailing party or any agent or employee of the prevailing party in participating in any arbitration or litigation in connection therewith.

(Clear Sky Properties, LLC Operating Agreement, attached to Complaint as Exhibit A).

Notably, this provision provides that the prevailing party shall pay the reasonable costs and expenses, including attorneys' fees, incurred for "*any dispute* arising between the members" that proceeds to mediation, arbitration or suit. The Agreement presumes that the court will determine the amount of the costs and expenses. The present case unambiguously falls within this provision as it was a dispute arising between the members related to the ownership of the company.

Blake Roussel agreed, as part of his obligations as a member of Clear Sky Properties that he would pay for the costs and expenses, including attorneys' fees, if he were to lose any dispute arising between himself and Deere. As Deere and Clear Sky have thoroughly prevailed on all claims against him that were submitted to the jury, Deere is entitled to recovery of these amounts.

### II. ARKANSAS LAW PROVIDES PLAINTIFFS ARE ENTITLED TO RECOVER THEIR REASONABLE ATTORNEYS' FEES

■ Arkansas Code Ann. § 16–22–308 provides that, in any civil action to recover on a contract or for breach of contract, "unless otherwise provided by

law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs." Plaintiffs are the "prevailing party" entitled to request fees under the statute. *Cumberland Financial Group, Ltd. v. Brown Chemical Company*, 34 Ark.App. 269, 272, 810 S.W.2d 49, 51 (1991).

The Court should exercise its discretion and award Plaintiffs' their attorneys' fees under this statute as well. While the breach of contract was one of three claims, Deere did prevail on this claim for $40,000. The breach of contract claim is inextricably intertwined with the breach of fiduciary duty claims. The facts proffered and the discovery necessary on the other claims was largely the same as those related to the breach of contract, including the breach of the duty of good faith and fair dealing. The facts and discovery on all claims necessary overlapped. In fact the jury instruction for damages associated with the breach of fiduciary duty claim included one category that was also included on the damages instruction for breach of contract, specifically the personal loans she made to Clear Sky totally [sic] $58,800. The jury elected to award these damages to Deere on her breach of fiduciary duty claim. As these claims were so closely connected, Deere would have incurred the same expense in pursuing only the breach of contract claim as she did in pursuing all the claims.

Def.'s Ex. 1.[5]

The Circuit Court of Faulkner County, Arkansas entered a two sentence order granting the Plaintiffs' motion stating:

> Before the Court is Plaintiffs' Motion for Attorneys Fees and Costs. Based on the arguments in the Motion and Brief, the Motion is hereby **GRANTED** and Defendant Blake Roussel is ordered to pay Plaintiffs $82,611.25 in attorneys' fees as well as $4,912 in expenses and costs.
>
> IT IS SO ORDERED.

Pls.' Ex. 26.

On July 11, 2011, Blake Roussel filed a voluntary petition for relief under the provisions of Chapter 7 of the United States Bankruptcy Code. Clear Sky and Deere commenced this adversary proceeding seeking a determination that the state court judgment debt is nondischargeable under Section 523(a)(4) and (6) of the United States Bankruptcy Code. Based on the District Court's order, the portion of the state court judgment awarding compensatory and punitive damages in the amount of $300,000.00 to Clear Sky for breach of fiduciary duty is nondischargeable under Section 523(a)(4) and (6), and the portion of the state court judgment awarding compensatory damages in the amount of $58,800.00 to Deere for breach of fiduciary

---

**5.** The Plaintiffs' brief in support of their motion for attorneys' fees and costs also contained an argument as to why the fees were reasonable. This Court does not believe the District Court's order remanding this matter included the issue of reasonableness of the attorneys' fees. The state court based its order awarding the attorneys' fees and costs on the arguments of the brief so the issue of reasonableness was necessarily decided by the state court. Under the *Rooker–Feldman* doctrine, this Court will not review the state court's award of attorneys' fees and costs on the issue of reasonableness. *Dodson v. Univ. of Ark. for Medical Sciences*, 601 F.3d 750, 754 (8th Cir.2010) (asserting that federal district courts generally lack subject matter jurisdiction to review state court judgments) (citing *Friends of Lake View Sch. Dist. No. 25 v. Beebe*, 578 F.3d 753, 758 (8th Cir.2009) (quoting 18B Charles A. Wright, Arthur R. Miller and Edward H. Cooper, *Federal Practice and Procedure* § 4469.1, at 97, 101 (2d ed. 20002))).

duty is nondischargeable under Section 523(a)(4). The parties do not dispute that the remaining portion of the judgment awarded to Deere for breach of contract in the amount of $40,000.00 is dischargeable.

The District Court, on remand, instructs this Court to consider whether the fee provision set forth in Clear Sky's Operating Agreement renders all or any part of the Plaintiffs' fee award part of the nondischargeable debt in this adversary proceeding.

On January 12, 2015, this Court held oral arguments on the matter remanded. Roussel argues that the award of attorneys' fees is discretionary with this Court. Clear Sky and Deere argue that the discretion in awarding attorneys' fees was with the state court and the attorneys' fees and costs became a part of the prepetition debt.

Roussel also contends that the entire attorneys' fee award should be discharged and not included in the nondischargeable debt. He asserts that the fees awarded were either based on the Operating Agreement, a contract, or Arkansas statute providing for recovery of fees and costs at the court's discretion when it determines a breach of contract has occurred. Roussel then argues that because damages awarded to Deere for the breach of contract claim are dischargeable, attorneys' fees awarded for the breach of contract action are likewise dischargeable.

Clear Sky and Deere make three arguments as to why the entire fee award should be determined part of the nondischargeable debt. First, the primary claim in the action was breach of fiduciary duty. Second, the Operating Agreement provided that the prevailing party in any dispute among the members was entitled to attorneys' fees. And, third, all the fees were awarded to both Clear Sky and Deere, and because Clear Sky did not have a breach of contract claim, it follows that all the fees were awarded for the breach of fiduciary duty claim. Each of these arguments will be discussed below.

## III. DISCUSSION

As a preliminary matter, this Court disagrees with Roussel's argument that this Court has discretion to revisit the Plaintiffs' motion for attorneys' fees and costs filed in the state court action. The Plaintiffs incurred attorneys' fees and costs in state court due to Roussel's conduct. Def.'s Ex. 1 at 2. The state court order granting the award was based on the Plaintiffs' motion for attorneys' fees and costs and brief in support. Pls.' Ex. 26. Upon the entry of the order by the state court, the attorneys' fees and costs award became part of the Plaintiffs' pre-petition claim. As stated previously, the award of the attorneys' fees and costs is not reviewable by this Court under the *Rooker–Feldman* doctrine. *Dodson,* 601 F.3d at 754. The narrow issue to be decided on remand is whether the fee provision set forth in Clear Sky's Operating Agreement renders all or any portion of the fee award part of Roussel's nondischargeable debt.

The nondischargeable nature of Roussel's debt was based on Section 523 of the Bankruptcy Code, which prohibits discharge of certain types of debts:

(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt–

. . . .

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

. . . .

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

11 U.S.C. § 523(a)(4) and (a)(6). The United States Supreme Court in *Cohen v. de la Cruz* rejected the debtor's argument in a case based on Section 523(a)(2) that "any debt" incurred for money property, services or credit obtained by fraud must be limited to the value of the money, property, services or credit actually received by the debtor. *Cohen v. de la Cruz*, 523 U.S. 213, 223, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998). In its analysis the Supreme Court determined that the language "debt for" used in Section 523 means "debt as a result of" or "debt arising from." *Id.* at 219–20, 118 S.Ct. 1212.

The United States Court of Appeals for the Eighth Circuit has held that when parties have included a provision authorizing recovery of attorneys' fees in a contractual agreement, and those fees are incurred in connection with a debt determined to be nondischargeable in bankruptcy, the creditor may be entitled to recover such fees as part of the nondischargeable debt. *Alport v. Ritter (In re Alport),* 144 F.3d 1163, 1168 (8th Cir. 1998) ("The Ritters' attorney fees were properly included in the nondischargeable debt ... because attorney's fees provided by contract, like accrued interest, can become part of the debt.") (citing *Jennen v. Hunter (In re Hunter),* 771 F.2d 1126, 1131 (8th Cir.1985); *In re Fobian,* 951 F.2d 1149, 1153 (9th Cir.1991)). Attorneys' fees have also been described as ancillary obligations that "may attach to the primary debt; consequently, their status depends on that of the primary debt." *In re Hunter,* 771 F.2d at 1131 (citing *In re Foster,* 38 B.R. 639, 642 (Bankr. M.D.Tenn.1984); *In re Chambers,* 36 B.R. 42 (Bankr.D.Wis.1984); *In re Sposa,* 31 B.R. 307 (Bankr.D.Va.1983)).

To determine whether the attorneys' fees and costs at issue were awarded by the state court under a contractual agree-ment and in connection with the debt the District Court later determined to be non-dischargeable, the analysis starts with the order granting the fee award.

The order granting the attorneys' fees and costs stated that it was based on the Plaintiffs' motion and brief in support. *See* Pls.' Ex. 25 & Def.'s Ex. 1. The motion and brief asserted only two grounds for the award of the fees. The first ground is based on the provision of the Operating Agreement providing that in any dispute between or among the members the prevailing party shall pay the other party's expenses, including attorneys' fees. The second ground is based on a state law statute allowing the state court, at its discretion, to award attorneys' fees to the prevailing party in a breach of contract action.

■ Clear Sky did not bring an action for breach of contract so it would follow that the state court awarded the attorneys' fees and costs to Clear Sky based solely on Clear Sky's breach of fiduciary duty claim, which the District Court has found to be nondischargeable. The Court has not found, nor have the parties cited, any state law basis for the award of attorneys' fees to a prevailing party in an action for breach of fiduciary duty. The award of attorneys' fees to Clear Sky can logically be based only on the provision of the Operating Agreement providing that in "*any dispute*" among members of Clear Sky "the losing party shall pay to the prevailing party reasonable costs and expenses." Pls.' Ex. 1 at 26 *(emphasis added).* Under *Cohen, Alport* and *Hunter,* the attorneys' fees and costs incurred in connection with Clear Sky's nondischargeable debt and awarded based on the Operating Agreement would also be nondischargeable.

■ Unlike Clear Sky, Deere did bring an action for breach of contract, as well as for breach of fiduciary duty, and prevailed

on both claims. Deere was awarded $58,800.00 in compensatory damages in connection with her nondischargeable breach of fiduciary duty claim and $40,000.00 in damages related to her dischargeable breach of contract claim. Thus, her dischargeable claim constitutes approximately 40% of the total damages awarded to her. The converse of the rule under *Cohen, Alport,* and *Hunter* is that attorneys' fees incurred in connection with a dischargeable debt are also dischargeable. Where, as here, the attorneys' fees and costs were incurred in the course of prosecuting both dischargeable and nondischargeable claims, precedent exists to apportion Deere's attorneys' fee award of $82,611.25 and costs award of $4,912.00 into dischargeable and nondischargeable components as dictated by the underlying debt.

The Eighth Circuit Court of Appeals has recognized the possibility of apportioning a single attorneys' fee award into dischargeable and nondischargeable components. *In re Hunter,* 771 F.2d at 1132. In *Hunter,* the court remanded to the bankruptcy court the issue of "[w]hether all or any part of the $750 in attorneys' fees and $500 in interest costs ... is attributable to the nondischargeable debt and should be awarded in this case." *Id.* In keeping with the Eighth Circuit's apportionment of the underlying debt into discharged and nondischarged portions, the bankruptcy court, in an unpublished opinion, concluded on remand that the attorneys' fees and interest should also be designated as dischargeable or nondischargeable in the same percentage.

Other bankruptcy courts have used the same method to determine the dischargeability of attorneys' fees where the underlying debt had both dischargeable and non-

dischargeable portions. *See, e.g., Belfor USA Group, Inc. v. Hopkins (In re Hopkins),* 469 B.R. 319, 325 (Bankr.W.D.Mo. 2012) (calculating that 84% of the underlying debt was nondischargeable; consequently, attorneys' fees related to the debt were nondischargeable in the same percentage); *Integrated Practice Mgmt., Inc. v. Olson (In re Olson),* 325 B.R. 791, 802 (Bankr.N.D.Iowa 2005) (apportioning 33% of attorneys' fees and punitive damages as nondischargeable to correspond to the same percentage of underlying debt determined nondischargeable); *Green v. Pawlinski (In re Pawlinski),* 170 B.R. 380, 395 (Bankr.N.D.Ill.1994) (stating that the part of attorneys' fees corresponding to the portion of the nondischargeable debt was also nondischargeable); *Catlett v. Jackson (In re Jackson),* 58 B.R. 72, 74 (Bankr. W.D.Ky.1986) (determining that since two-thirds of the underlying debt was nondischargeable, the attorneys' fees were nondischargeable in the same percentage). Applying the same principle, the Court determines that because 59.51417% [6] of the damages awarded to Deere is nondischargeable, 59.51417% of Deere's attorneys' fee award is also nondischargeable. Under the applicable case law, the remaining 40.48583 % of the fee award to Deere in the amount of $33,445.85 and costs award to Deere in the amount of $1,988.66, like the underlying damages for breach of contract, is dischargeable.

Unfortunately for the Debtor, the analysis does not end there. The state court ruled that "Blake Roussel is ordered to pay *Plaintiffs* [*i.e.,* Clear Sky *and* Deere] $82,611.25 in attorneys' fees as well as $4,912 in expenses and costs." Pls.' Ex. 26 *(emphasis added).* The effect of the order was to award each Plaintiff an undivided share of the total attorneys' fees and costs awarded. Reducing Clear Sky's fees and

---

6. This percentage is calculated by determining what percentage Deere's $40,000.00

breach of contract damages award is to her entire damages award of $98,800.00

costs by the amount of Deere's dischargeable fees and costs would require the Court to fashion some method for dividing the fees between the two plaintiffs, and the state court order does not expressly permit or even imply such an outcome. Consequently, to give full effect to the state court award of attorneys' fees and costs to Clear Sky, the Court determines that, as to Clear Sky, the entire attorneys' fees award of $82,611.25 and costs of $4,912.00 is nondischargeable.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that the fee provision set forth in Clear Sky's Operating Agreement renders the entire award of attorneys' fees and costs awarded in favor of Clear Sky to be part of the nondischargeable debt owed to Clear Sky. Further, the Court concludes that, as to Deere, $49,165.40 of the award of attorneys' fees and $2,923.34 of the award of costs are part of the nondischargeable debt owed to Deere.

IT IS SO ORDERED.